UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

WILLIAM THOMAS,

    Plaintiff,

v.                                            Case No: 2:21-cv-166-SPC-MRM

EMILY SALEMA, J.
MCDANIELS and S. SMITH,

    Defendants.
_____/

## OPINION AND ORDER[1]

Plaintiff William Thomas, a detainee at the Florida Civil Commitment Center (FCCC), filed a *pro se* Complaint under 42 U.S.C. § 1983 (Doc. 1) and a Motion to Proceed *In Forma Pauperis* for Confined Individuals (Doc. 2). Because Thomas seeks to proceed *in forma pauperis*, the Court must review the Complaint *sua sponte* to determine whether it is frivolous, malicious, or fails to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

Thomas sues FCCC Clinical Director Emily Salema and clinical therapists J. McDaniels and S. Smith. He alleges McDaniels refused to

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

approve for purchase a book called "The Manual for Online Public Record," which FCCC staff considered inappropriate because it contains people's personal information, like addresses. Thomas filed a grievance, and Salema responded that the book is available for reference in the library but not available for check out. Thomas also met with McDaniels and Smith regarding approval of his unspecified "legal books." (Doc. 1 at 6). They directed him to the computer lab for legal research and explained that they deal with treatment, not legal issues. In response to a grievance, Salema stated that McDaniels and Smith did not deny his request; rather, they advised him to submit his request to an appropriate official. Thomas then directed a "communication form"—Thomas does not state the content—to Salema, and it was returned unanswered. (Doc. 1 at 6).

The standard that governs dismissals under Federal Rule of Civil Procedure 12(b)(6) applies to dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii). *Alba v. Montford,* 517 F.3d 1249, 1252 (11th Cir. 2008). Under Rule 12(b)(6), a complaint should be dismissed if does not allege a plausible claim. *See Bell Atl. v. Twombly,* 550 U.S. 544, 556 (2007). All pleaded facts are deemed true for the purposes of 12(b)(6), but a complaint is still insufficient without adequate facts. *Id.* The plaintiff must assert enough facts to allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). The asserted facts must

"raise a reasonable expectation that discovery will reveal evidence" for the plaintiff's claim. *Twombly*, 550 U.S. at 556. Setting forth "labels…conclusions, and a formulaic recitation of the elements of a cause of action" is not enough to meet the plausibility standard. *Id.* at 555. But the Court must read a *pro se* plaintiff's complaint liberally. *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege (1) that the defendant(s) deprived him of a right secured under the United States Constitution or federal law and (2) the deprivation occurred under color of state law. *Arrington v. Cobb County*, 139 F.3d 865, 872 (11th Cir. 1998). Thomas has not stated a plausible § 1983 claim. His factual allegations do not support an inference that any Defendant deprived him of a federally protected right. He does not even identify a federal right he believes Defendants denied him. The Court will thus dismiss the Complaint without prejudice under 28 U.S.C. § 1915. Because the dismissal is without prejudice, Thomas may file a new complaint—under a new case number—with the filing fee or a motion to proceed *in forma pauperis*. The Court cautions Thomas that any complaint he files must comply with Federal Rule of Civil Procedure 10(b), which requires claims to be stated in sequentially numbered paragraphs, each limited to a single set of circumstances.

Accordingly, it is now

**ORDERED:**

Plaintiff's Complaint (Doc. 1) is **DISMISSED without prejudice**. The Clerk is **DIRECTED** to enter judgment, terminate all pending motions and deadlines, and close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on March 3, 2021.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP1

Copies: All Parties of Record